ERIC GRANT
United States Attorney
ROBERT L. VENEMAN-HUGHES
JUSTIN J. GILIO
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-00265-KES-EPG |
| Plaintiff, | PLEA AGREEMENT |
| v. | COURT: Hon. Kirk E. Sherriff |
| ALVARO ADRIAN LAGOS MIERES, | |
| Defendant. | |

## I.    INTRODUCTION

### A.    Scope of Agreement

The Superseding Indictment in this case charges the defendant with the following violations:

- Count One – 18 U.S.C. § 371, Conspiracy to Commit Bank Robbery, Bank Larceny, Possession of Stolen Bank Funds, Interstate Transportation of Stolen Goods, and Arson of Commercial Property;

- Count Two – 18 U.S.C. § 2113(a) and 2, Bank Robbery and Aiding and Abetting;

- Count Three – 18 U.S.C. § 2113(a) and 2, Bank Robbery and Aiding and Abetting;

- Count Four – 18 U.S.C. § 844(i), 2 – Arson of Commercial Property and Aiding and Abetting

- Count Five – 18 U.S.C. § 2113(a) and 2, Bank Robbery and Aiding and Abetting;

- Count Six – 18 U.S.C. § 844(i), 2 – Arson of Commercial Property and Aiding and Abetting

- Count Seven – 18 U.S.C. § 2113(a) and 2, Bank Robbery and Aiding and Abetting;

- Count Eight – 18 U.S.C. § 2113(a) and 2, Bank Robbery and Aiding and Abetting;

- Count Nine – 18 U.S.C. § 844(i), 2 – Arson of Commercial Property and Aiding and Abetting

- Count Ten – 18 U.S.C. § 2113(a) and 2, Bank Robbery and Aiding and Abetting;

- Count Eleven – 18 U.S.C. § 2113(a) and 2, Bank Robbery and Aiding and Abetting; and

- Count Twelve – 18 U.S.C. § 844(i), 2 – Arson of Commercial Property and Aiding and Abetting

This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.   Court Not a Party**

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the Superseding Indictment.  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

**II.   DEFENDANT'S OBLIGATIONS**

**A.   Guilty Plea**

The defendant will plead guilty to

(1) Count One, a violation of 18 U.S.C. § 371, Conspiracy to Commit Bank Robbery, Bank Larceny, Possession of Stolen Bank Funds, Interstate Transportation of Stolen Goods, and Arson of Commercial Property

(2) Count Five, a violation of 18 U.S.C. § 2113(a) and 2, Bank Robbery and Aiding and Abetting; and

(3) Count Six – 18 U.S.C. § 844(i), 2 – Arson of Commercial Property and Aiding and Abetting

The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.  Defendant also acknowledges that his acceptance of this offer is not based upon any unlawful influence, pressure, or threats exerted by anyone, including codefendants, or their associates.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings.  The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

The defendant acknowledges that he will remain in custody after the entry of his plea.

**B.      Sentencing Recommendation**

The defendant and his counsel may argue under 18 U.S.C. § 3553(a) to recommend whatever sentence they deem appropriate.  The defendant agrees on the following:

(1) He was convicted in Chile of:

      a.   Burglary in an uninhabited place in 2011 and sentenced to 61 days prison.

      b.   Attempted robbery in an uninhabited place in 2011 and sentenced to 51 days in prison.

      c.   Theft in an uninhabited place in 2012 and sentenced to 120 days in prison.

d. Attempted robbery in an uninhabited place in 2013 and sentenced to 60 days in prison.

e. Transport of instruments known to be intended for the commission of the crime of theft in 2013 and sentenced to 70 days in prison.

f. Burglary in an uninhabited place in 2015 and sentenced to 541 days in prison.

g. Attempted robbery in uninhabited place in 2019 and sentenced to 150 days in prison.

h. Attempted robbery in an uninhabited place in 2021 and sentenced to 61 days in prison.

The defendant may recommend whatever he deems appropriate as to all other aspects of sentencing.

**C.      Special Assessment**

The defendant agrees to pay a special assessment of $300 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**D.      Defendant's Violation of Plea Agreement or Withdrawal of Plea**

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government.  The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete.  Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement.  The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file

any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### E.    Forfeiture

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Those assets include, but are not limited to, the following:

1.    all miscellaneous suitcases, backpacks, and clothing items seized from 819 NW 50th Street, Seattle, Washington,

2.    all miscellaneous pieces of jewelry and watch seized from 819 NW 50th Street, Seattle, Washington,

3. all electronic items, including cellular phones, tablets, and walkie talkies seized from 819 NW 50th Street, Seattle, Washinton,

4. approximately $19,750.00 in U.S. Currency, plus all accrued interest,

5. approximately $5,020.83 in U.S. Currency, plus all accrued interest,

6. approximately $3,800.00 in U.S. Currency, plus all accrued interest,

7. approximately $3,041.00 in U.S. Currency, plus all accrued interest,

8. approximately $2,000.00 in U.S. Currency, plus all accrued interest,

9. approximately $1,519.00 in U.S. Currency, plus all accrued interest.

10. approximately $1,000.00 in U.S. Currency, plus all accrued interest,

11. approximately $640.00 in U.S. Currency, plus all accrued interest,

12. approximately $112.00 in U.S. Currency, plus all accrued interest,

13. approximately $2,808.00 in U.S. Currency, plus all accrued interest,

14. approximately $175.00 in U.S. Currency, plus all accrued interest,

15. Motorola cellphone with SIM card 8901260637977721245F,

16. Motorola cellphone with SIM card 8901260637933233236F,

17. Motorola cellphone with SIM card 8901260634904393495F,

18. Motorola cellphone with SIM card 8901260634924823737F,

19. Motorola Moto G56-2024, model XT2417-1. serial number ZN3222CZSR,

20. Motorola Moto G56-2024, model XT2414-1, serial number ZY22JSN6Z4,

21. black Motorola cellphone, no serial number,

22. Apple iPhone 8, IMEI: 355143725433618,

23. Apple iPhone, model MYW53LL/A, serial number J7PH2MD2KW,

24. Apple iPhone 16 ProMax, model MYW63LL/A, serial number H6XQ56R2G9,

25. white Apple iPhone, no serial number,

26. Apple iPad Air, model A2902, serial number M39J96NPQK,

27. T-Mobile cellphone, model TMRV0756, serial number BS88523AA1452001383,

28. Signal jammer, serial number C2406906,

29. Signal jammer, serial number C2406902,

30. Signal jammer, serial number C2406734,

31. GoPro, serial number C3494224852591, with SanDisk micro 256GB SD card,

32. Jewelry, pair of knot earrings, gold in color,

33. Jewelry, chain necklace,

34. Jewelry, ring with clear colored stones,

35. Jewelry, pair of hoop earrings with clear colored stones, gold in color,

36. Jewelry, chain necklace,

37. Jewelry, chain bracelet,

38. Samsung Galaxy Watch, serial number RFAX71HQY7M, and

39. all miscellaneous clothing and household items seized from 68860 E. Manape Dr, Welches, Oregon.

The defendant agrees that the listed assets constitute property, real or personal, derived from proceeds traceable to a violation of 18 U.S.C. §§ 371 and 2113(a).

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States.  The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed

assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant waives the notice provision of Fed. R. Crim. P. 32.2(a). The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets, and all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions. The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

## III.    THE GOVERNMENT'S OBLIGATIONS

### A.    Dismissals

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Superseding Indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in II.D (Defendant's Violation of Plea Agreement), and VII.B (Waiver of Appeal) herein.

### B.    Recommendations

#### 1.    Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range[1] for his offense, as determined by the Court.

The government agrees on the following:

(1) The defendant was convicted in Chile of:

    a.   Burglary in an uninhabited place in 2011 and sentenced to 61 days prison.

---

[1] Though defendant has multiple foreign convictions as described herein, they do not score under the Sentencing Guidelines. Because of this plea agreement, the Government will not seek any upward variance to account for these foreign convictions.

PLEA AGREEMENT

7

UNITED STATES V. ALVARO ADRIAN LAGOS MIERES

b.  Attempted robbery in an uninhabited place in 2011 and sentenced to 51 days in prison.

c.  Theft in an uninhabited place in 2012 and sentenced to 120 days in prison.

d.  Attempted robbery in an uninhabited place in 2013 and sentenced to 60 days in prison.

e.  Transport of instruments known to be intended for the commission of the crime of theft in 2013 and sentenced to 70 days in prison.

f.  Burglary in an uninhabited place in 2015 and sentenced to 541 days in prison.

g.  Attempted robbery in uninhabited place in 2019 and sentenced to 150 days in prison.

h.  Attempted robbery in an uninhabited place in 2021 and sentenced to 61 days in prison.

The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

2.    Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

C.    **Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

**As to Count One**, a violation of 18 U.S.C. § 371, Conspiracy to Commit Bank Robbery, Bank Larceny, Possession of Stolen Bank Funds, Interstate Transportation of Stolen Goods, and Arson of Commercial Property (18 U.S.C. § 2113(a)):

1. Beginning no later than on or about May 2024, and ending on or about October 30, 2024, there was an agreement between two or more persons to commit Bank Robbery, Bank Larceny, Possession of Stolen Bank Funds, Interstate Transportation of Stolen Goods, and Arson of Commercial Property;

2. The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3. One of the members of the conspiracy performed at least one overt act on or after May 2024 for the purpose of carrying out the conspiracy.

**As to Count Five**, a violation of 18 U.S.C. § 2113(a) and 2, Bank Robbery and Aiding and Abetting:

1. First, someone else committed Bank Robbery in violation of 18 U.S.C. § 2113(a);

2. The defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of Bank Robbery in violation of 18 U.S.C. § 2113(a);

3. The defendant acted with the intent to facilitate Bank Robbery in violation of 18 U.S.C. § 2113(a); and

4. The defendant acted before the crime was completed.

The elements for Bank Robbery, in violation of 18 U.S.C. § 2113(a) are

1. The defendant entered a financial institution intending to commit larceny affecting that institution, and

2. The deposits of that institution were then insured by the Federal Deposit Insurance Corporation.

**As to Count Six**, a violation of 18 U.S.C. § 844(i), 2 – Arson of Commercial Property and

Aiding and Abetting:

1. First, someone else committed Arson in violation of 18 U.S.C. § 844(i);

2. The defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of Arson in violation of 18 U.S.C. § 844(i);

3. The defendant acted with the intent to facilitate Arson in violation of 18 U.S.C. § 844(i); and

4. The defendant acted before the crime was completed.

The elements for Arson, in violation of 18 U.S.C. § 844(i) are

1. The defendant maliciously damaged, destroyed, or attempted to damage or destroy real or personal property;

2. The defendant did so or attempted to do so by means of fire;

3. At that time of the fire or defendant's attempt, the property was used in interstate commerce or used in an activity affecting interstate commerce.

The defendant fully understands the nature and elements of the crimes charged in the Superseding Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum Penalty

The maximum sentence that the Court can impose on Count One is 5 years of incarceration, a fine of $ 250,000, a 3-year period of supervised release, and a special assessment of $100. On Count Five, the maximum sentence the Court can impose is 20 years of incarceration, a fine of $250,000, a 3-year period of supervised release, and a special assessment of $100. Count Six carries a mandatory minimum sentence of five years. The maximum sentence the Court can impose on Count Six is 20 years of incarceration, a fine of $250,000, a 3-year period of supervised release, and a special assessment of $100. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in

any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.    Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 2 years of additional imprisonment.

### VI.    SENTENCING DETERMINATION

### A.    Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

The defendant and his attorney have discussed how the sentencing guidelines may be applied in his case, and the defendant understands that his guidelines range cannot be determined until probation prepares a report and the parties have had a chance to object to that report.

As outlined above, the defendant and the government have agreed to support certain findings with respect to the sentencing guidelines in this case. Outside of those recommendations, the defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a). The government is free to argue under § 3553(a) in support of its sentencing recommendation detailed above.

### VII.    WAIVERS

### A.    Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional

rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.   Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence.  The defendant agrees as part of his plea/pleas, however, to give up the right to appeal any aspect of the guilty plea, conviction, or the sentence imposed in this case.  The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty.  The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence imposed in this case, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.D (Defendant's Violation of Plea Agreement) herein.

C.      **Impact of Plea on Defendant's Immigration Status**

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty.  The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed.  Indeed, because defendant is pleading guilty to a felony conspiracy charge, removal is presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## VIII.      ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///

///

///

///

///

///

///

///

///

///

///

///

### IX.   APPROVALS AND SIGNATURES

#### A.   Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 5/13/2026

_____
Douglas Foster
Counsel for Defendant

#### B.   Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 5/13/2026

_____
ALVARO ADRIAN LAGOS
MIERES, Defendant

#### C.   Court Certified Interpreter/Translator

I declare that I am a court-certified Spanish-English interpreter/translator. On 5/12/2026 _____, I read the entire contents of the foregoing plea agreement to ALVARO ADRIAN LAGOS MIERES, translating the document from English to Spanish.

PLEA AGREEMENT

14

UNITED STATES v. ALVARO ADRIAN LAGOS MIERES

Dated: _____05/12/26_____

Interpreter/Translator    Yesenia Aed

Certification # 300936


**D.**    **Attorney for the United States**

I accept and agree to this plea agreement on behalf of the government.

Dated: 6/9/26

ERIC GRANT
United States Attorney

By: _____
ROBERT L. VENEMAN-HUGHES
JUSTIN J. GILIO
Assistant United States Attorney

PLEA AGREEMENT

15

UNITED STATES V. ALVARO ADRIAN
LAGOS MIERIES

**EXHIBIT A**

**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

In the Eastern District of California and elsewhere, beginning no later than on or about May 1, 2024, and ending on or about October 30, 2024, there was an agreement between two or more persons to commit Bank Robbery, Bank Larceny, Possession of Stolen Bank Funds, Interstate Transportation of Stolen Goods, and Arson of Commercial Property. ALVARO ADRIAN LAGOS MIERES (the defendant) became a member of the conspiracy knowing of the conspiracy's objects and intending to help accomplish them. One of the members of the conspiracy performed at least one overt act on or after May 2024 for the purpose of carrying out the conspiracy.

Between September 15, 2024, and the end of October 2024, the defendant conspired with his co-conspirators to rob a series of banks in California and elsewhere. Those robberies (and attempted robberies) committed by his co-conspirators during this time included the following:

- September 15, 2024, Valley First in Fresno, California
- September 15, 2024, EECU in Fresno, California
- September 18, 2024, Wells Fargo in Modesto, California
- September 22, 2024, Golden 1 in Roseville, California
- September 22, 2024, Golden 1 in Rocklin, California
- September 22, 2024, Golden 1 in Yuba City, California
- September 27-28, 2024, Tri Counties in Falls River Mills, California
- October 6, 2024, OnPoint Community Credit Union in Lake Oswego Oregon
- October 13, 2024, Solarity Credit Union in Yakima, Washington

At the time of the robberies, all the above were banks or credit unions that maintained deposits which were then insured by the Federal Deposit Insurance Corporation or the National Credit Union Administration.

The defendant assisted in the above robberies, including by transporting burglary tools to and from staging locations for the robberies, scouting/casing before the robberies, and serving as a lookout

during the robberies.  As part of the conspiracy, the defendant and his co-conspirators hauled large tool cases and tool bags into short-term rental properties (Airbnbs) before the robberies.  Those tool cases contained burglary tools and disguises, including construction vests, blow torches, oxyacetylene tanks, masks, hard hats, crow bars, rope, and other similar items.  The defendant and his co-conspirators traveled from the Airbnbs to the banks and credit unions to scout and surveil them before robbing them.  When the robberies occurred, the defendant and his co-conspirators also traveled from the Airbnbs to the banks and credit unions, where members of the conspiracy entered the bank or credit union building used in whole or part as a financial institution intending to commit larceny affecting the financial institution.  Once inside the bank or credit union building, the defendant's co-conspirators maliciously damaged, destroyed, and attempted to damage and destroy, by means of fire, personal property used in and affecting interstate and foreign commerce.  Specifically, the defendant's co-conspirators used fire from blow torches to intentionally damage and destroy bank or credit union vaults and safes.  After destroying those vaults and safes, defendant's co-conspirators took and carried away, with intent to steal and purloin, money exceeding $1,000 belonging to and in the care, custody, control, management and possession of those banks and credit unions.  After the robberies, the defendant's co-conspirators possessed, concealed, and stored money which they had taken or stolen from the banks and credit unions, including by taking those stolen monies to Airbnbs.  The defendant's co-conspirators transported in interstate and foreign commerce the stolen funds and other stolen items, of the value of $5,000 or more, knowing the same to have been stolen.  During the time that the defendant was a member of the conspiracy, the total loss amount (actual and intended) caused by members of the conspiracy in furtherance of the conspiracy was $1,500,020.06.  This includes attempted robberies, each with a calculated intended loss based on the average actual loss of co-conspirators' completed robberies.

In furtherance of the conspiracy, on or about September 18, 2024, in the County of Stanislaus, the defendant aided and abetted a burglary of (and an arson inside) a Wells Fargo in Modesto, California, as charged in the superseding indictment.  On that date, defendant's co-conspirators committed Bank Robbery in violation of 18 U.S.C. § 2113(a) and Arson in violation of 18 U.S.C. § 844(i).  Defendant's co-conspirators maliciously damaged and destroyed real or personal property used in an activity affecting interstate commerce inside the bank by means of fire.  The defendant aided,

PLEA AGREEMENT                                           A-2

counseled, commanded, induced or procured those persons with respect to at least one element of each of the Bank Robbery and Arson crimes, including by transporting burglary and arson tools, knowing that his co-conspirators would use those tools for the burglary and arson.  The defendant acted with the intent to facilitate Bank Robbery and Arson.  And the defendant acted before the crimes were completed.

I, ALVARO ADRIAN LAGOS MIERES, have read the Factual Basis for Plea and agree to the facts and stipulations contained therein.

Dated: _5/13/2020_ _____

_____
ALVARO ADRIAN LAGOS
MIERES, Defendant

PLEA AGREEMENT                                   A-3